Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court
for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 24 2006

at 8 o'clock and ___ min. ___M
SUE BEITIA, CLERK

U.S.A. vs. JOSLYN G. GARCIA          Docket No. CR 04-00271HG-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Joslyn G. Garcia, in Criminal No. CR 04-00271HG-01, who was placed on supervision by Chief U.S. District Judge Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 4th day of August, 2005, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant shall undergo psychiatric/mental health evaluation. The defendant shall also participate in mental health treatment until clinically discharged, if such is recommend by the assessment, at the direction of the Probation Office.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The Court also ordered that restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.



## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of her supervised release (Probation Form 7A is attached) as follows:

1. The offender was untruthful to the Probation Officer on 2/23/2006, 3/9/2006, and 3/28/2006 regarding her residence, in violation of Standard Condition No. 3.

2. The offender was untruthful to the Probation Officer on 4/12/2006 regarding 3rd party notification of her criminal record or personal history, in violation of Standard Condition Nos. 3 and 13.

3. The offender failed to participate in mental health treatment at Freedom Recovery Services, Inc., on 7/1/2006, in violation of Special Condition No. 3.

4. The offender failed to pay monthly restitution of at least 10 percent of her monthly gross income for the months of March 2006, April 2006, and May 2006, conduct constituting willful nonpayment of restitution, in violation of the Criminal Monetary Penalties order, Judgment in a Criminal Case.

5. The offender associated with a felon, to wit: Andy Watkins, a felon under federal supervision, since approximately 4/12/2006; and untruthfulness to the Probation Officer on 4/12/2006 regarding the identity of her significant partner, in violation of Standard Condition Nos. 3 and 9.

6. The offender failed to notify the Probation Officer of her new employment on 6/14/2006, and was untruthful in reporting her employment and earned income from this employment on her June 2006 Monthly Supervision Report, conduct constituting False Statement, in violation of 18 U.S.C. § 1001, and Standard Condition Nos. 2 and 6.

7. The offender failed to participate in mental health treatment at Freedom Recovery Services, Inc., on 7/15/2006; and untruthfulness to the Probation Officer on 7/15/2006, in violation of Special Condition No. 3 and Standard Condition No. 3.

8. The offender failed to notify the Probation Officer of her change in residence in June 2006, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   7/21/2006

_____
DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 21st day of July, 2006, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Judge

Re:  **GARCIA, Joslyn G.**
     **Criminal No. CR 04-00271HG-01**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As the Court may recall, on 7/21/2004, the offender was charged in a 145-Count Indictment filed in the District of Hawaii. Counts 1-116 charged the offender with defrauding City Bank from on or about 7/8/99 to 11/12/99, by presenting City Bank with checks drawn in her name on her employer's account (Fogarty Realty). Additionally, Counts 117-129 charged the offender with defrauding City Bank and Bank of Hawaii from on or about 12/15/2000 to 3/5/2001, by presenting checks drawn to the name "Sabrina A." on her employer's account [Hawaii Dental Association (HDA)], as well as HDA's joint accounts with Honolulu County Dental Society (HCDS) and Hawaii Dental Education Center. Further, Counts 130-144 charged the offender with defrauding City Bank and Bank of Hawaii from on or about 12/15/2000 to 3/5/2001, by presenting checks drawn to the name of "Sabrina A." on her employer's account (HDA), and its joint account with HCDS. Finally, Count 145 charged the offender with unauthorized use of a credit card belonging to "Charlene E." from on or about 10/26/2001 to 12/17/2001.

On 2/18/2005, the offender pled guilty to three counts of Bank Fraud (Counts 7, 121, and 140), and Access Device Fraud (Count 145), pursuant to a plea agreement.

On 8/4/2005, Your Honor sentenced the offender to 18 months imprisonment as to each count, all terms to run concurrently, followed by 5 years of supervised release as to each count, all terms to run concurrently.

Since her release on supervision on 2/23/2006, the offender has violated the conditions of supervision as follows:

### Violation No. 1 - Untruthful to the Probation Officer on 2/23/2006, 3/9/2006, and 3/28/2006 Regarding her Residence:

**2/23/2006:** On 2/23/2006, the offender was processed for supervision. During the processing, this officer questioned the offender regarding her reported place of residence located at 3415 Aliamanu Street, Honolulu. The offender reported that the residence was that of her husband's friend, Errol Allas. When questioned as to why she did not intend to reside with her husband and her children, the offender indicated that she intended to dissolve her marriage with her husband. The offender further reported that Allas's residence was temporary until she could afford her own residence. This officer instructed the offender to maintain residency at Allas's residence until she could afford her own residence. This officer further instructed the offender to contact this officer should she decide to lodge elsewhere.

Re: **GARCIA, Joslyn G.**
**Criminal No. CR 04-00271HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

On 2/27/2006, this officer telephonically spoke with Allas. Allas reported that although the offender stayed there a "few times," she "slept" at her husband's residence.

On 3/1/2006, the offender reported to the Probation Office as instructed. This officer confronted the offender regarding Allas's residence, her failure to notify this officer of her lodging information, and her untruthfulness regarding the true nature of her relationship with her husband. The offender responded by stating that she would be moving to another residence in Liliha because Allas was not "comfortable" with her at his residence. Thereafter, the offender provided a Liliha address of a friend as her residence.

**3/9/2006:** On 3/9/2006, the offender telephonically reported that her husband was helping her move her belongings to 4219 Keaka Drive, Honolulu.

Subsequently, during the early morning of 3/16/2006, this officer attempted to meet the offender and/or her landlord at the Keaka Drive residence. No one was home at the residence. Thereafter, this officer telephonically contacted the offender. The offender indicated that "**we** are still trying to get a place" (emphasis added). This officer advised the offender that she previously informed this officer that she was "moving in" at the Keaka Drive residence. This officer further questioned what she meant by "we." The offender related that she and her husband decided to reconcile and were in the process of finding another residence. This officer subsequently instructed the offender to report to the Probation Office on 3/21/2006 with her husband.

On 3/21/2006, the offender reported to the Probation Office without her husband. This officer questioned the offender regarding her tenuous relationship with her husband. The offender related that she decided that she would not reconcile with her husband. The offender subsequently provided this officer with a fourth address, 1050 A Wong Lane, Honolulu, as her intended residence.

**3/28/2006:** On 3/28/2006, the offender left a voice message indicating that she was staying at the residence of Yolanda Convento, the offender's sister-in-law, at 1055 Ala Nanu Street, Honolulu. The offender's husband and their two daughters also resided at Convento's residence.

During the evening of 4/11/2006, this officer attempted to meet the offender at Convento's residence. Subsequently, this officer met with Convento, the offender's husband, and the offender's 12-year old daughter. The offender was not present. According to Convento, the offender did not reside at her residence. Additionally,

Re:   **GARCIA, Joslyn G.
Criminal No. CR 04-00271HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3**

Convento and the offender's husband were unaware of the offender's residence. This officer also questioned the offender's husband regarding his failure to report to the Probation Office with the offender on 3/21/2006. The offender's husband indicated that he was unaware that this officer wanted him present at this officer's office on 3/21/2006.

Thereafter, this officer left a voice mail message on the offender's cellular telephone to report to the Probation Office on 4/12/2006.

### Violation No. 2 - Untruthful to the Probation Officer on 4/12/2006 Regarding 3rd Party Notification of her Criminal Record or Personal History:

On 4/12/2006, the offender reported to the Probation Office as instructed. This officer informed the offender that she was in violation of her supervision for being untruthful on 3/28/2006 regarding her residency at Convento's residence. This officer further advised the offender that since her supervision commenced on 2/23/2006, the offender provided five different residences, none of which she was found to be at, and none of which a home inspection was conducted. This officer warned the offender that this officer would no longer tolerate her lies. The offender apologized and indicated that she had been residing with a friend, Kristine Caguiao, at 1632 Frog Lane, Honolulu.

This officer subsequently questioned her relationship with Caguiao and whether Caguiao was aware of her conviction, and the circumstances of her offense related to the unauthorized use of a roommate's credit card and identity theft. The offender reported that Caguiao was fully aware of her conviction and the circumstances of her offenses.

Thereafter, this officer questioned her motive for lying to this officer on numerous occasions. The offender blamed her husband's inability to help her find a residence. The offender also blamed her sister-in-law, Convento, for not telling this officer the truth. This officer advised the offender that her response was not acceptable and that she was not accepting responsibility for her actions. This officer further advised the offender that her lack of candidness and intentional deceit would no longer be tolerated.

During the afternoon of 4/12/2006, this officer met the offender's roommate, Caguiao, at her employment in Waikiki. Caguiao confirmed that the offender was staying at her apartment on Frog Lane. When questioned as to whether she was aware of the offender's conviction and the circumstances of her offense, Caguiao reported that the offender related that she "went to prison" because she "took the blame" for her husband's drug dealing. Subsequently, this officer informed Caguiao of the offender's conviction and the circumstances of her offenses.

Re:   GARCIA, Joslyn G.
      Criminal No. CR 04-00271HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4


Based upon this officer's interview with Caguiao, the offender was untruthful to this officer regarding 3rd party notification to Caguiao concerning her criminal record or personal history.

On or about 4/14/2006, the offender moved to her own residence at 1415 Pensacola Street #6.

### Violation No. 3 - Failure to Participate in Mental Health Treatment at Freedom Recovery Services, Inc., on 7/1/2006:

The offender commenced participation in mental health treatment at Freedom Recovery Services, Inc. (FRSI), on 3/7/2006. In May 2006, this officer learned the offender had "rescheduled" a mental health session because of a conflict with her personal schedule. On 5/16/2006, this officer advised the offender's mental health counselor that the offender will not be allowed to reschedule her appointments with FRSI without this officer's permission. This was to ensure the offender received counseling on a weekly basis.

On 7/4/2006, FRSI reported that the offender failed to report for mental health treatment on 7/1/2006.

### Violation No. 4 - Failure to Pay Monthly Restitution of at Least 10 Percent of Monthly Gross Income for the Months of March 2006, April 2006, and May 2006, Conduct Constituting Willful Nonpayment of Restitution:

During supervision processing on 2/23/2006, the offender was informed of the collection policy of the U.S. Probation Office. In this regard, the offender was instructed to pay 25 percent of her monthly net income toward restitution if her monthly net income was $1,200 and over, or 10 percent of her monthly gross income toward restitution if her monthly net income was below $1,200. The offender was provided a written copy of the formula. Additionally, the offender was instructed that her first restitution payment was due by the end of April 2006 based upon her earned income in March 2006.

A review of the offender's monthly income and payment history provided by the U.S. Attorney's Office indicate the following:

Re:  **GARCIA, Joslyn G.**
     **Criminal No. CR 04-00271HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 5**

| MONTH | GROSS INCOME | NET INCOME | DUE NEXT MONTH | AMOUNT PAID |
|---|---|---|---|---|
| March 2006 | $780.86 | $698.87 | $ 78.00 | $ 70.00 |
| April 2006 | $955.30 | $951.02 | $ 95.00 | $  0.00 |
| May 2006 | $758.02 | $679.68 | $ 75.00 | $ 50.00 |
| TOTAL: | | | $248.00 | $120.00 |

Based on what was owed and what the offender paid during the first 3 months of supervision, the offender paid $120.00, or approximately 5 percent of her total gross income. In this regard, the offender's failure to pay restitution despite earning income evidences willful nonpayment of the required monthly restitution. Additionally, the offender did not provide an explanation as to why she did not make full payments and/or why she failed to make a payment in May 2006 for April 2006.

While this officer notes that the offender's gross monthly income is not significant in light of her probable expenses, it is also noted that the offender's pay statements for the reported months reveal she only worked approximately 18 hours per week.

**Violation No. 5 - Association With a Felon, to Wit, Andy Watkins, an Offender Under Federal Supervision, Since Approximately 4/12/2006; and Untruthfulness to the Probation Officer on 4/12/2006 Regarding the Identity of her Significant Partner:**

On 7/14/2006, this officer received information that the offender was romantically involved with Andy Watkins, a felon under federal supervision with the Probation Office. On that same date, this officer and U.S. Probation Officer Jonathan K. Skedeleski (USPO Skedeleski) reviewed a photo of Watkins. This officer and USPO Skedeleski identified Watkins as the same person who was associating with the offender on 4/12/2006.

In this regard, on 4/12/2006, the offender was instructed to report to the Probation Office to address violations as noted in Violation No. 4 above. After leaving the Probation Office, the offender was observed by USPO Skedeleski to be in the company of an unidentified male in front of the courthouse. USPO Skedeleski further observed the offender and the male hugging and kissing before proceeding toward downtown Honolulu by foot. Subsequently, USPO Skedeleski followed the couple as they proceeded toward the downtown area. At some point in time, the couple evaded

Re:   **GARCIA, Joslyn G.**
      **Criminal No. CR 04-00271HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**

USPO Skedeleski on Queen Street. Thereafter, this officer met USPO Skedeleski on Alakea Street and proceeded toward the offender's place of employment. While on Alakea Street, USPO Skedeleski and this officer observed the male standing inside the lobby area of a building looking out toward Alakea. Upon making eye contact with this officer and USPO Skedeleski, the male ran toward the Ewa end of the building and disappeared from sight. Thereafter, this officer proceeded to the offender's workplace.

When questioned as to the identify of her "boyfriend," the offender replied, "[w]hat boyfriend?" This officer warned the offender about being untruthful. This officer further reminded the offender that based upon her offense conduct wherein she married a male on the island of Maui while using another alias and committing credit card fraud, the male's identify was necessary for the purpose of determining: 1) 3rd party risk notification; and 2) felony association. The offender subsequently identified the male as Sean Douglas. She further reported that he was an actor and lived in Honolulu Tower. Although she did not know his date of birth, the offender denied that Douglas was a felon. She also denied that she and Douglas "evaded" USPO Skedeleski and did not know why Douglas would "run" from this officer and USPO Skedeleski. Thereafter, this officer asked the offender if he could meet Douglas. The offender reported that she would arrange a meeting. The offender never followed up with this officer.

Based on USPO Skedeleski's and this officer's positive identification of Watkins as being the same person identified by the offender as Sean Douglas, the offender was untruthful to this officer on 4/12/2006 in that she provided a fictitious name to hide the fact that she was associating with a known felon under federal supervision.

In support of this officer's allegation that the offender continues to associate with Andy Watkins, this officer notes the following:

On 6/21/2006, FRSI reported that the offender identified her current boyfriend as "Shawn Hobin." A subsequent review of Andy Watkins' records indicates that on 7/6/2006, Watkins' probation officer, U.S. Probation Officer Carter A. Lee (USPO Lee) conducted a home inspection of Watkins' apartment and met Watkins' friend, "Shawn Hobart." Additionally, this officer notes that the offender and Watkins were both residents at Mahoney Hale at the same time, and were released on supervision within a day of each other. Further, both are clients of FRSI.

Re:   **GARCIA, Joslyn G.**
      **Criminal No. CR 04-00271HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 7**

**Violation No. 6 - Failure to Notify the Probation Officer of New Employment on 6/14/2006; and Untruthfulness in Reporting Employment and Earned Income From Employment on June 2006 Monthly Supervision Report:**

On 7/5/2006, FRSI informed this officer that the offender had mentioned during a recent counseling session that she had a second job.

On 7/17/2006, President Warner Gerst, GMS Hawaii Corporation, franchisee of Seattle's Best Coffee, confirmed the offender was employed by his company. Subsequently, Gerst provided documentation which indicated the following:

1. The offender commenced employment at Seattle's Best Coffee on 6/14/2006.

2. The offender untruthfully listed her residence address as 1055 Ala Nanu Street #2, Honolulu, Hawaii 96818.

3. The offender provided a false resume.

4. The offender filed a fraudulent Employee's Withholding Allowance Certificate, IRS Form W-4 (2006) wherein she claimed three dependents who are not residing with her and not receiving financial support.

5. The offender earned unreported income for the period 6/5/2006 to 7/20/2007.

Based upon the information provided by Gerst, the offender failed to inform this officer of her new employment as of 6/14/2006, and submitted a false IRS Form W-4 under penalty of perjury.

Additionally, based on the pay statements received from Gerst, the offender earned $145.92 gross and $108.27 net in June 2006 while employed at Seattle's Best Coffee, and failed to include these amounts as part of the total income earned in June 2006. Consequently, since her reported gross income for June 2006 was $589, her total gross should have been listed as $734.00 and her correct restitution payment due by the end of July 2006 would be $73.00 instead of $58.00.

Further, the offender's decision to intentionally omit her employment information and the income earned from the employment from her June 2006 Monthly Supervision Report constitutes a false statement, in violation of 18 U.S.C. § 1001.

Re:   GARCIA, Joslyn G.
      Criminal No. CR 04-00271HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 8

**Violation No. 7 - Failure to Participate in Mental Health Treatment at FRSI, on 7/15/2006; and Untruthfulness to the Probation Officer on 7/15/2006:**

On 7/14/2006, this officer confirmed with FRSI that the offender was scheduled to meet with her counselor on 7/15/2006. This officer further reminded FRSI that the offender was not to be rescheduled should she report she could not make the counseling session.

On 7/15/2006, at approximately 8:09 a.m., the offender left this officer a telephone message indicating that she was admitted to the hospital "last night" for an emergency appendectomy. She further reported that she was still at the hospital and would not be able to make her 2:00 p.m. appointment at FRSI. The offender further reported that she would provide this officer with a note from her treating physician.

At approximately, 8:34 a.m., the offender left a second message indicating that her counselor contacted her to advise that he could not make the 2:00 p.m. appointment because he needed to see patients at the State Hospital. The offender further related that her appointment was rescheduled to the following Saturday at 2:00 p.m.

On 7/17/2006, this officer instructed the offender to submit a medical note which evidence that she received medical treatment and care from 7/14/2006 to 7/15/2006. The offender indicated that she would provide the medical note after meeting with her treating physician.

On 7/17/2006, FRSI contacted this officer to report that the offender contacted her counselor to indicate that she was in the hospital and could not make the scheduled 7/15/2006 appointment. This officer informed FRSI that the offender indicated that the counselor contacted the offender and reported that he was unable to meet with the offender later that afternoon. FRSI advised this officer that the offender was not being truthful and reiterated that the offender contacted their counselor. FRSI further reported that when the offender advised the counselor that she was in the hospital, the counselor indicated that he would see his patients at the State Hospital instead.

Regardless of what was said, this officer has not yet received a medical note from the offender and/or her treating physician which would "excuse" the offender from missing her mental health session on 7/15/2006.

Re: **GARCIA, Joslyn G.**
   **Criminal No. CR 04-00271HG-01**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 9**

### Violation No. 8 - Failure to Report Change in Residence in June or July 2006:

On 7/20/2006, this officer attempted to conduct a home inspection at the offender's residence located at 1415 Pensacola Street #6, Honolulu. The offender did not respond to calls from outside her window. Thereafter, this officer interviewed another resident on the property. The resident reported that offender was evicted for failing to pay rent. The resident further indicated that the door to the offender's room was "bolted."

Subsequently, this officer contacted the property manager for the apartment building. The property manager confirmed that the offender made no attempts to pay her monthly rent since taking occupancy. Additionally, the property manager indicated that the offender has not been back to the apartment for approximately 3 weeks. The property manager was unaware of the offender's new address/residence.

On 7/21/2006, pursuant to the special condition to conduct a search of the offender's residence, a search of the offender's reported address at 1415 Pensacola Street #6 was conducted by the U.S. Probation Office. Documentary evidence was seized to support violations and possible new criminal conduct. In this regard, this officer will need to examine various documents, including unknown pay statements, real estate documents, including listing agreements, property profile documents, and documents which contain personal information of others. Additionally, recent traffic citations, credit card statements, and other financial documents were seized. Consequently, an Amended Request for Course of Action will likely be forthcoming.

In considering the repetitive and serious nature of the offender's noncompliant behavior, it is apparent the offender is not amenable to supervision and is likely to commit further violations of supervised release, including new criminal conduct. As a result, this officer is requesting the Court to issue a No Bail warrant for her appearance to show cause why supervised release should not be revoked. In support of a request for a No Bail warrant, this officer notes that the offender is without a known physical and/or mailing address for purposes of service by summons. Additionally, based upon the offense of conviction, her continued untruthfulness and deception, and the documentary evidence received and seized in this case, it appears the offender may be

Re: GARCIA, Joslyn G.
Criminal No. CR 04-00271HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 10

attempting to commit additional fraud for financial gain. Consequently, the offender poses an immediate, financial threat to the community.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 7/21/2006

DMK/pts

Re:   GARCIA, Joslyn G.
      Criminal No. CR 04-00271HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 11

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     Joslyn G. Garcia                           Docket No. CR 04-00271HG-01

   Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (2/23/06).

   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

   The defendant shall not commit another federal, state, or local crime.

   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

   (1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

   (2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

   (3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    1/24/06
         JOSLYN G. GARCIA                     Date
         Defendant

_____    1/24/06
DEREK M. KIM                        Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   GARCIA, Joslyn G.
      Docket No. CR 04-00271HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant shall undergo psychiatric/mental health evaluation. The defendant shall also participate in mental health treatment until clinically discharged, if such is recommended by the assessment, at the direction of the Probation Office.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The Court also ordered that restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    1/24/06
         JOSLYN G. GARCIA                    Date
         Defendant

_____              1/24/06
         DEREK M. KIM                        Date
         Senior U.S. Probation Officer