Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 26 2006

at 3 o'clock and 30 min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. JOSLYN G. GARCIA         Docket No. CR 04-00271HG-01

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Joslyn G. Garcia, in Criminal No. CR 04-00271HG-01, who was placed on supervision by Chief U.S. District Judge Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 4th day of August, 2005, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant shall undergo psychiatric/mental health evaluation. The defendant shall also participate in mental health treatment until clinically discharged, if such is recommend by the assessment, at the direction of the Probation Office.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The Court also ordered that restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

Prob 12C
(Rev. 3/95 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the Request for Course of Action dated 7/21/2006 and filed on 7/24/2006 be amended to include the following additional violations of supervised release:

9. The offender failed to notify the Probation Officer of her new employment with Allstate Insurance in April 2006 and First Insurance in May 2006, in violation of Standard Condition No. 6; was untruthful in reporting her employment and earned income from her employment on her April 2006 and May 2006 Monthly Supervision Reports, conduct constituting False Statement, in violation of 18 U.S.C. § 1001 and Standard Condition No. 2; and failed to make appropriate restitution in May 2006 and June 2006 based upon her earned income in April 2006 and May 2006, conduct constituting wilful nonpayment of restitution in violation of the Criminal Monetary Penalties order, Judgment in a Criminal Case.

10. That since approximately 4/12/2006, the offender associated with a felon, to wit: Michael "Mike G" Gravatt, a convicted felon previously under federal supervision, in violation of Standard Condition No. 9.

11. The offender was untruthful to a Probation Officer and this Probation Officer's inquiries on 7/24/2006, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that the Request for Course of Action filed on 7/24/2006 be amended to include the above-identified violations and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] That the Request for Course of Action dated on 7/21/2006 and filed on 7/24/2006 be amended to include the above-identified violations and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/25/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the Request for Course of Action dated on 7/21/2006 and filed on 7/24/2006 be amended to include the above-identified violations and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 25th day of July, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   **GARCIA, Joslyn G.**
      **Criminal No. CR 04-00271HG-01**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

On 7/21/2006, a Request for Course of Action informed the Court of the following violations:

1. The offender was untruthful to the Probation Officer on 2/23/2006, 3/9/2006, and 3/28/2006 regarding her residence, in violation of Standard Condition No. 3.

2. The offender was untruthful to the Probation Officer on 4/12/2006 regarding third-party notification of her criminal record or personal history, in violation of Standard Condition Nos. 3 and 13.

3. The offender failed to participate in mental health treatment at Freedom Recovery Services, Inc., on 7/1/2006, in violation of Special Condition No. 3.

4. The offender failed to pay monthly restitution of at least 10 percent of her monthly gross income for the months of March 2006, April 2006, and May 2006, conduct constituting willful nonpayment of restitution, in violation of the Criminal Monetary Penalties order, Judgment in a Criminal Case.

5. The offender associated with a felon, to wit: Andy Watkins, a felon under federal supervision, since approximately 4/12/2006; and untruthfulness to the Probation Officer on 4/12/2006 regarding the identity of her significant partner, in violation of Standard Condition Nos. 3 and 9.

6. The offender failed to notify the Probation Officer of her new employment on 6/14/2006, and was untruthful in reporting her employment and earned income from this employment on her June 2006 Monthly Supervision Report, conduct constituting False Statement, in violation of 18 U.S.C. § 1001, and Standard Condition Nos. 2 and 6.

7. The offender failed to participate in mental health treatment at Freedom Recovery Services, Inc., on 7/15/2006; and untruthfulness to the Probation Officer on 7/15/2006, in violation of Special Condition No. 3 and Standard Condition No. 3.

Re: **GARCIA, Joslyn G.**
**Criminal No. CR 04-00271HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

8. The offender failed to notify the Probation Officer of her change in residence in June 2006, in violation of Standard Condition No. 6.

On 7/24/2006, the Request for Course of Action was filed and a Warrant for Arrest was issued.

Subsequently, on 7/24/2006, this officer reviewed documents that were seized during a search of the offender's reported residence on 7/21/2006. Additionally, this officer interviewed several individuals and personnel at business establishments related to the seized documents. Based upon the seized documents and contacts, the offender has committed the following additional violations of supervision.

**Violation No. 9 - Failure to Notify the Probation Officer of New Employment With Allstate Insurance in April 2006 and First Insurance in May 2006; Untruthfulness in Reporting Employment and Earned Income From Employment on April 2006 and May 2006 Monthly Supervision Reports; and Failure to Make Appropriate Restitution in May 2006 and June 2006:**

On 7/21/2006, this officer and Supervising U.S. Probation Officer Gene DeMello, Jr. (SUSPO DeMello) conducted an authorized search of the offender's reported residence located at 1415 Pensacola Street #6. During the search, this officer and SUSPO DeMello recovered various documents which evidenced violations of supervision. In this regard, unidentified pay statements and records from Staffing Partners, an employment agency, were seized. Staffing Partners was an unreported employment.

On 7/24/2006, this officer contacted Staffing Partners and learned that the offender was employed through Staffing Partners and assigned to Allstate Insurance during April 2006 and with First Insurance during May 2006. This officer further learned that the offender received income from these employments. Subsequently, this officer requested copies of the offender's: 1) employment application; 2) IRS W-4; and 3) pay statements. This officer also requested a contact person for Allstate and First Insurance. The information and documentation is forthcoming.

Based upon the initial information provided by Staffing Partners, the offender violated her supervision conditions by not reporting her employment with Allstate Insurance in April 2006 and her employment with First Insurance in May 2006. Additionally, the offender intentionally omitted these employments and earned income from her April 2006 and May 2006 Monthly Supervision Reports. Her intent to omit the employment and income information constitutes a False Statement, in violation of

Re:   GARCIA, Joslyn G.
      Criminal No. CR 04-00271HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

18 U.S.S.C. § 1001, given that she was aware that she was required to report all employment and income information on her Monthly Supervision Reports. The Monthly Supervision Report form completed and submitted by the offender includes the following: **"WARNING: ANY FALSE STATEMENTS MAY RESULT IN REVOCATION OF PROBATION, SUPERVISED RELEASE, OR PAROLE, IN ADDITION TO 5 YEARS IMPRISONMENT, A $250,000 FINE, OR BOTH. (18 U.S.C. §1001).** The "WARNING" is located next to the offender's signature on the Report form.

### Violation No. 10 - Association With a Felon, to Wit:  Michael "Mike G" Gravatt, a Known Felon Previously Under Federal Supervision:

On 4/12/2006, the offender reported to the Probation Office to address violations of supervision.

During the office visit, the offender telephonically contacted an unidentified person to locate the telephone number of her reported roommate, Kristine Caguiao. The offender further told the unidentified person that she was "with [my] PO," and that this officer was requesting Caguiao's contact number. Subsequently, this officer questioned the offender as to the identity of the person she was speaking to on the telephone. The offender stated that it was "Mike G" from Realty Executives. She further reported that "Mike G" was Caguiao's boyfriend. This officer advised the offender that it appeared odd that she knew her friend's boyfriend's telephone number but not that of her own friend. The offender related that she knew the number for "Mike G" because she had his business card. The offender subsequently provided a business card of Michael "Mike G" Gravatt, a realtor with Realty Executives.

On 7/21/2006, this officer and SUSPO DeMello conducted an authorized search of the offender's reported residence located at 1415 Pensacola Street #6. During the search, this officer and SUSPO DeMello recovered various documents which evidenced violations of supervision. Additionally, real estate documents related to various residences were found in six folders belonging to "Mike G" and/or Realty Executives. Thereafter, SUSPO DeMello identified the name, Michael "Mike G" Gravatt as the same person who was convicted of a felony in the U.S. District Court, and previously supervised by SUSPO DeMello. Additionally, Realty Executive Manager, Gordon Au, showed this officer a document that contained "Mike G's" reported residence which was the same residence as the offender's boyfriend, Andy Watkins, a felon under supervision with the U.S. Probation Office.

During the evening of 7/24/2006, the U.S. Marshals Service (USMS) along with the U.S. Probation Office went to Watkins's residence in Waikiki. Upon gaining entry into Watkins's residence, the offender was observed in the living room where "Mike G"

Re:   **GARCIA, Joslyn G.
Criminal No. CR 04-00271HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 4**

was also present. The offender was subsequently arrested and taken into custody by the USMS. Upon questioning, the offender denied that she was aware that "Mike G" was a convicted felon.

Subsequently, this officer along with SUSPO DeMello accompanied U.S. Probation Officer Carter Lee (USPO Lee) to Watkins's place of employment. When questioned as to whether the offender was aware that "Mike G" was a felon, Watkins reported that the offender knew for "quite a while" that "Mike G" was a convicted felon. In this regard, Watkins related that he and the offender had previously discussed "Mike G's" status as a felon. He further reported that they rationalized their association with "Mike G" because "Mike G's" conviction was "14 years ago." Watkins also admitted that he violated his supervision in that he: 1) failed to follow USPO Lee's instructions to dissociate with "Mike G"; 2) submitted untruthful Monthly Supervision Reports concerning association with "Mike G" and the offender; and 3) was untruthful to USPO Lee's inquiry about "Mike G's" identity.

Based upon the information noted above, the offender was associating with "Mike G," a person convicted of a felony, since at least 4/12/2006 to 7/24/2006.

### Violation No. 11 - Untruthful to a Probation Officer and This Probation Officer's Inquiries on 7/24/2006:

Pursuant to the Warrant for Arrest filed on 7/24/2006, the USMS with the assistance of the U.S. Probation Office, went to Watkins's residence in Waikiki. Upon entering the residence, the offender was observed lying down in the living room and "Mike G" was observed to be working on the computer in the living room. USPO Lee asked the offender what her name was. The offender responded and provided a name other than her own. SUSPO DeMello immediately confronted the officer by stating her name. SUSPO DeMello also identified "Mike G." The offender was then arrested by the USMS.

Subsequently, this officer informed the offender of her violations and advised her that she would be brought before the Court. This officer then questioned the offender as to her violations. The offender was untruthful regarding the following:

1. Unreported Employment with Allstate Insurance and First Insurance: This officer questioned the offender as to whether she was ever employed by another company other than Che Pasta (reported employment) and Seattle's Best Coffee (unreported employment). The offender denied that she had been employed elsewhere since her release on supervision in February 2006. This officer subsequently advised the offender that it was

Re:  **GARCIA, Joslyn G.
Criminal No. CR 04-00271HG-01
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 5**

    learned that she was previously employed by Allstate Insurance in April 2006 and First Insurance in May 2006. The offender responded by stating that she "told" this officer about the two employments. However, the offender failed to address why she did not identify the employments and earned income in her April 2006 and May 2006 Monthly Supervision Reports.

2. <u>Association with Michael "Mike G" Gravatt</u>: When questioned as to how long she had known "Mike G" was a felon, the offender related that she was unaware that "Mike G" was a felon. However, according to her boyfriend, Andy Watkins, the offender was aware that "Mike G" was a felon. Additionally, Watkins reported that the offender rationalized their association with "Mike G" as being minor because his conviction was "14 years ago."

3. <u>Real Estate Documents</u>: This officer questioned the offender as to why she possessed six real estate files related to Realty Executives and "Mike G." Additionally, this officer advised the offender that two of the properties were owned by the offender's estranged sister-in-laws, and one of the documents appeared to have the offender's initials on a form. The offender reported that both of her in-laws had asked "Mike G" to look into the values or their properties for possible sale. In this regard, the offender indicated that she "had nothing to do with it" and that her in-laws initiated interest in selling their respective property. However, according to the offender's in-laws, they have never had any contact with "Mike G" or expressed interest in selling their properties. Additionally, the offender's boyfriend, Andy Watkins, reported that the offender had advised him and "Mike G" that she "owned" or had "an interest" in family property which she wanted to sell. However, the offender did not further the sale of the properties because of her "pending divorce with her husband." Further, the offender could not explain why she had real estate files which did not belong to her.

Re:  **GARCIA, Joslyn G.**
**Criminal No. CR 04-00271HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 6**

    In light of the aforementioned violations, this officer requests that the Request for Course of Action dated 7/21/2006 and filed on 7/24/2006 include the additional violations.

Respectfully submitted by,

_____
DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 7/25/2006

DMK/dck

Re:  GARCIA, Joslyn G.
     Criminal No. CR 04-00271HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 7


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self-employed, she may not be employed in any capacity wherein he has custody, control, or management of her employer's funds.

The defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer and shall maintain a single personal bank account into which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without prior approval of the Probation Officer.

The defendant shall not associate with Andy Watkins, a felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

The defendant shall not associate with Michael "Mike G" Gravatt, a convicted felon.

The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging she intends to stay overnight.

The defendant shall provide the Probation Officer a copy of each month's monthly telephone and/or cellular telephone records.