# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

July 31, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 04-00271HG |
| CASE NAME: | U.S.A. vs. JOSLYN G. GARCIA |
| ATTYS FOR PLA: | Lawrence L. Tong |
| ATTYS FOR DEFT: | Loretta A. Faymonville |
| U.S.P.O.: | Derek Kim |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Steve Platt |
| DATE: | July 31, 2006 | TIME: | 11:15 - 11:50 |

COURT ACTION: ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present in custody.

The defendant admitted to Violations Nos. 1, 2, 4, 5, 6, 8, 9 and 11; denied Violation Nos. 3 and 10; Violation No. 7 is withdrawn by the Government.

The Court finds that this is a Grade B violation, Criminal History Category I.

Supervised release is revoked.

Allocution by the defendant.

ADJUDGED: Impr of 10 mos as to each of Counts 7, 121, 140 and 145, to run concurrently.

SUPERVISED RELEASE: 50 mos as to each of Counts 7, 121, and 140, to be served concurrently with all other counts, and 26 mos as to Count 145, to be served concurrently with all other counts, upon the following conditions:

1.    That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition)

4. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the terms of supervision (mandatory condition).

6. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

8. The defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer and shall maintain a single personal bank account in which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

9. As directed by the Probation Officer, the defendant shall provide the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

10. That the defendant participate in mental health treatment until clinically discharged, at the direction of the Probation Office.

11. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

12. The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds. Additionally as a condition of any employment, the defendant must use her true legal name, identifying information, and personal mailing address.

13. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without prior approval of the Probation Officer.

14. The defendant shall not associate with Andy Watkins, a felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

15. The defendant shall not associate with Michael "Mike G." Gravatt, a convicted felon.

16. The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging she intends to stay overnight.

17. The defendant shall provide the Probation Officer a copy of each month's monthly telephone and/or cellular telephone records.

18. That restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

19. That the defendant shall be brought before the Court for violation of a single condition of supervised release.

20. That the defendant is required to make payroll deduction to pay for the restitution.

Advised of rights to appeal the sentences, etc.

RECOMMENDATIONS: The MINT program.

Submitted by: David H. Hisashima, Courtroom Manager

# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

July 31, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 04-00271HG |
| CASE NAME: | U.S.A. vs. JOSLYN G. GARCIA |
| ATTYS FOR PLA: | Lawrence L. Tong |
| ATTYS FOR DEFT: | Loretta A. Faymonville |
| U.S.P.O.: | Derek Kim |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Steve Platt |
| DATE: | July 31, 2006 | TIME: | 11:15 - 11:50 |

COURT ACTION:  ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present in custody.

The defendant admitted to Violations Nos. 1, 2, 4, 5, 6, 8, 9 and 11;  denied Violation Nos. 3 and 10; Violation No. 7 is withdrawn by the Government.

The Court finds that this is a Grade B violation, Criminal History Category I.

Supervised release is revoked.

Allocution by the defendant.

ADJUDGED: Impr of 10 mos as to each of Counts 7, 121, 140 and 145, to run concurrently.

SUPERVISED RELEASE: 50 mos as to each of Counts 7, 121, and 140, to be served concurrently with all other counts, and 26 mos as to Count 145, to be served concurrently with all other counts, upon the following conditions:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition)

4. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the terms of supervision (mandatory condition).

6. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

8. The defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer and shall maintain a single personal bank account in which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

9. As directed by the Probation Officer, the defendant shall provide the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

10. That the defendant participate in mental health treatment until clinically discharged, at the direction of the Probation Office.

11. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

12. The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds. Additionally as a condition of any employment, the defendant must use her true legal name, identifying information, and personal mailing address.

13. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without prior approval of the Probation Officer.

14. The defendant shall not associate with Andy Watkins, a felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

15. The defendant shall not associate with Michael "Mike G." Gravatt, a convicted felon.

16. The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging she intends to stay overnight.

17. The defendant shall provide the Probation Officer a copy of each month's monthly telephone and/or cellular telephone records.

18. That restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

19. That the defendant shall be brought before the Court for violation of a single condition of supervised release.

20. That the defendant is required to make payroll deduction to pay for the restitution.

Advised of rights to appeal the sentences, etc.

RECOMMENDATIONS: The MINT program.

Submitted by: David H. Hisashima, Courtroom Manager