AO 245B   (Rev. 6/05) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:   1:04CR00271-001                                   Judgment - Page 3 of 8
DEFENDANT:    JOSLYN G. GARCIA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 10 MONTHS.

This term consists of TEN (10) MONTHS as to each of Counts 7, 121, 140 and 145, to run concurrently.

[✓]   The court makes the following recommendations to the Bureau of Prisons:

The MINT program.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII
SEP 0 8 2006
at 2 o'clock and 15 min P M
SUE BEITIA, CLERK

Defendant delivered on  08-11-06  to  FDC Honolulu
at  Honolulu, HI , with a certified copy of this judgment.

                                                    John T. Rathman
                                                    WARDEN   UNITED STATES MARSHAL

                                              By    _____
                                                    Deputy U.S. Marshal

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
       Sheet 3 - Supervised Release

CASE NUMBER:     1:04CR00271-001                                              Judgment - Page 4 of 8
DEFENDANT:       JOSLYN G. GARCIA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 50 MONTHS.

This term consists of FIFTY (50) MONTHS as to each of Counts 7, 121, and 140, to be served concurrently with all other counts and TWENTY-SIX (26) MONTHS as to Count 145, to be served concurrently with all other counts.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

CASE NUMBER:    1:04CR00271-001                                    Judgment - Page 5 of 8
DEFENDANT:      JOSLYN G. GARCIA

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant execute all financial disclosure forms requested by the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office and provide access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. The defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer and shall maintain a single personal bank account in which all income, financial proceeds and gains shall be deposited and from which all expenses shall be paid.

3. As directed by the Probation Officer, the defendant shall provide the Probation Officer a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

4. That the defendant participate in mental health treatment until clinically discharged, at the direction of the Probation Office.

5. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self-employed, she may not be employed in any capacity wherein she has custody, control, or management of her employer's funds. Additionally as a condition of any employment, the defendant must use her true legal name, identifying information, and personal mailing address.

7. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without prior approval of the Probation Officer.

8. The defendant shall not associate with Andy Watkins, a felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

9. The defendant shall not associate with Michael "Mike G." Gravatt, a convicted felon.

10. The defendant shall notify the Probation Officer 3 hours prior to the end of the close of business, the name, address, and telephone number of any other residence or lodging she intends to stay overnight.

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
         Sheet 3 - Supervised Release

CASE NUMBER:    1:04CR00271-001                                    Judgment - Page 6 of 8
DEFENDANT:      JOSLYN G. GARCIA

11. The defendant shall provide the Probation Officer a copy of each month's monthly telephone and/or cellular telephone records.

12. That the defendant shall be brought before the Court for violation of a single condition of supervised release.

13. That the defendant is required to make payroll deduction to pay for the restitution.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:    1:04CR00271-001                                    Judgment - Page 7 of 8
DEFENDANT:      JOSLYN G. GARCIA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $          | $    | $ 249,827.24 |

[ ]   The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[✔]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Central Pacific Bank (formerly known as City Bank) | | $225,673.94 | |
| Bank of Hawaii | | $24,153.30 | |
| **TOTALS** | $ _ | $ 249,827.24 | |

[ ]   Restitution amount ordered pursuant to plea agreement   $ _

[✔]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the    [ ] fine    [ ] restitution

   [✔]   the interest requirement for the    [ ] fine    [✔] restitution is modified as follows:

   Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B      (Rev. 6/05) Judgment in a Criminal Case
             Sheet 6 - Schedule of Payments

CASE NUMBER:      1:04CR00271-001                                                    Judgment - Page 8 of 8
DEFENDANT:        JOSLYN G. GARCIA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [ ]   Lump sum payment of $ _ due immediately, balance due
          [ ]   not later than _ , or
          [ ]   in accordance    [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B   [✔]   Payment to begin immediately (may be combined with    [ ] C,   [ ] D, or [ ] F below); or

C   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
          years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or
          years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at
          that time; or

F   [✔]   Special instructions regarding the payment of criminal monetary penalties:

That restitution of $249,827.24 is due immediately as follows: $225,673.94 is owed to Central Pacific Bank (formerly known as City Bank), and $24,153.30 is owed to Bank of Hawaii, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several
      Amount, and corresponding pay, if appropriate.

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ORIGINAL

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

AUG 04 2006

at 2 o'clock and 40 min. P M
SUE BEITIA, CLERK

2006 AUG -7 PM
U.S. MARSHALS SERVICE
HONOLULU, HI.

cc: USM
fin
fpd

UNITED STATES OF AMERICA
v.
**JOSLYN G. GARCIA**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: 1:04CR00271-001
USM Number: 95332-022
Loretta A. Faymonville, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✔] admitted guilt to violation of Standard Condition Nos. 2, 3, 6, 9, and 13, 18 U.S.C. § 1001 and Criminal Monetary Penalties Order, Judgment in a Criminal Case of the term of supervision.

[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

2006 SEP -7 AM 10:49
U.S. MARSHALS SERVICE
HONOLULU, HI
RECEIVED

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔] The defendant has not violated Violation Nos. 3, 7 and 10 and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 8382

Defendant's Residence Address:
Honolulu, Hawaii 96822

Defendant's Mailing Address:
Honolulu, Hawaii 96822

July 31, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

8·3·06
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____ Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:04CR00271-001  Judgment - Page 2 of 8
DEFENDANT: JOSLYN G. GARCIA

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The subject was untruthful to the Probation Officer on 2/23/2006, 3/9/2006, and 3/28/2006 regarding her residence. | |
| 2 | The subject was untruthful to the Probation Officer on 4/12/2006 regarding 3rd party notification of her criminal record or personal history. | |
| 4 | The subject failed to pay monthly restitution of at least 10 percent of her monthly gross income for the months of March, 2006, April 2006, and May 2006, conduct constituting willful nonpayment of restitution. | |
| 5 | The subject associated with a felon, to wit: Andy Watkins, a felon under federal supervision, since approximately 4/12/2006; and untruthfulness to the Probation Officer on 4/12/2006 regarding the identity of her significant partner. | |
| 6 | The subject failed to notify the Probation Officer of her new employment on 6/14/2006, and was untruthful in reporting her employment and earned income from this employment on her June 2006 Monthly Supervision Report, conduct constituting False Statement. | |
| 8 | The subject failed to notify the Probation Officer of her change in residence in June 2006. | |
| 9 | The subject failed to notify the Probation Officer of her new employment with Allstate Insurance in April 2006 and First Insurance in May 2006; was untruthful in reporting her employment and earned income from her employment on her April 2006 and May 2006 Monthly Supervision Reports, conduct constituting False Statement; and failed to make appropriate restitution in May 2006 and June 2006 based upon her earned income in April 2006 and May 2006, conduct constituting wilful nonpayment of restitution. | |
| 11 | The subject was untruthful to a Probation Officer and this Probation Officer's inquiries on 7/24/2006. | |